**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*,[1] | Case No. 17-12560 (JKS) |
| | (Jointly Administered) |
| Remaining Debtors. | |
| MICHAEL GOLDBERG, in his capacity as Liquidating Trustee of the WOODBRIDGE LIQUIDATION TRUST, | |
| Plaintiff, | Adversary Proceeding No. 19-50335 (JKS) |
| v. | **Re: Docket No. 104** |
| JANE MARSHALL, | |
| Defendant. | |

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR PARTIAL SUMMARY JUDGMENT**

This matter having come before the Court on *Plaintiff's Motion for Partial Summary Judgment* (the "Motion") filed by Plaintiff, Michael Goldberg, in his capacity as Liquidating Trustee of the Woodbridge Liquidation Trust ("Plaintiff"), who seeks judgment in Plaintiff's favor and against Defendant, Jane Marshall, ("Defendant") on certain counts in the *Complaint for Avoidance and Recovery of Preferential and Fraudulent Transfers Pursuant to 11 U.S.C. §§ 544, 547, 548 & 550* [Adv. Docket No. 1] (the "Complaint"); and the Court having determined that the jurisdiction and venue are proper for determination of the subject dispute, and having determined

---

[1] The Remaining Debtors and the last four digits of their respective federal tax identification numbers are as follows:  Woodbridge Group of Companies, LLC (3603) and Woodbridge Mortgage Investment Fund 1, LLC (0172).  The Remaining Debtors' mailing address is 14140 Ventura Boulevard #302, Sherman Oaks, California 91423.

4919-6393-1154.3 94811.003

that the Motion and moving papers establish that the Transfers: (a) are property of the estate or an interest therein of the debtor and meet the prima facie elements of a preferential transfer pursuant to 11 U.S.C. §547(b)(1)-(5), (b) the transfers constituting net winnings were made with actual intent to delay or defraud creditors, (c) are properly avoided in accordance with state and federal law and set aside or recovered for the benefit of the Plaintiff, Woodbridge Liquidation Trust, as represented by Michael Goldberg, in his capacity as Liquidating Trustee, who is vested with all of the respective rights, title and interests of the Debtor's Estate; and (d) there is no genuine dispute as to any material fact and the Plaintiff is entitled to judgment as a matter of law; and the Court having found that due and sufficient notice was given, and; after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.     The Motion is GRANTED.

2.     Judgment is granted in favor of Plaintiff, Michael Goldberg, Liquidating Trustee of the Woodbridge Liquidation Trust, against the Defendant, Jane Marshall, in the amount as set forth on the Judgment attached hereto as **Exhibit 1**.

3.     Plaintiff is authorized and empowered to take any and all actions necessary or appropriate to consummate, carry out, effectuate, or otherwise enforce the terms, conditions, and provisions of this Order and the Judgment.

4.     The Clerk of Court is authorized and directed to take any action that is necessary and appropriate to give effect to this Order and the Judgment.

5.     This Court shall retain jurisdiction and power over any and all matters arising from or related to the interpretation, implementation, or enforcement of this Order and the Judgment.

Dated: May 29th, 2025
Wilmington, Delaware

J. KATE STICKLES
UNITED STATES BANKRUPTCY JUDGE

4919-6393-1154.3 94811.003                    2